# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SURIESH CHACARAM, # 98056794 | * | |
| | * | |
| v | * | Civil Action No. CCB-14-92 |
| | * | |
| GEORGE KALOROUMAKIS | * | |
| | *** | |

## MEMORANDUM

Respondent George Kaloroumakis, by his counsel, has filed a motion to dismiss Suriesh Chacaram's ("Chacaram") petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detainer.[1] The court deems a hearing unnecessary. *See* Local Rule 105.6 (Md. 2011). For reasons to follow, the petition will be dismissed without prejudice.

## BACKGROUND

Chacaram was born in Guyana, and admitted as a permanent resident of the United States on January 17, 2002. He claims that he is a United States citizen.[2] (Pet., ECF No. 1, at 2-3, 7-8; Pet. Attach., ECF No. 1-1, at 3 (permanent resident card); Kearns Decl., ECF No. 7, ¶ 3.) On March 21, 2013, Chacaram was sentenced in the Circuit Court for Wicomico County to 18 months imprisonment after pleading guilty to distribution of controlled substances (narcotics). (Commitment Record, *State v. Chacaram*, No. 22-K-10-000133, Pet. Attach. at 1; Kearns Decl. ¶ 3.) Chacaram is presently serving his sentence at the Wicomico County Detention Center. Upon his release to U.S. Immigration and Customs Enforcement ("ICE") custody, ICE will determine

---

[1] Petitioner has not filed an opposition although notified of his opportunity to do so. (ECF No. 6.)
[2] Chacaram alleges that on March 26, 2013, he applied for United States citizenship, and that his application was approved on September 17, 2013. (Pet. at 2-3, 6.) Respondents contend that Chacaram merely received a notice of an appointment to replace his alien registration card, which expired on February 18, 2013, (Pet. Attach. at 2, 5-6), and Chacaram's immigration file indicates that he is not a United States citizen, (Kearns Decl. ¶ 5 (stating there is no record demonstrating that Chacaram has become a naturalized citizen or derived citizenship from the naturalization of his father).)

Chacaram's removability and initiate immigration proceedings, if appropriate, by filing a Notice to Appear with the Immigration Court. (Kearns Decl. ¶ 4.)

**DISCUSSION**

Respondent seeks dismissal of the petition on two grounds. First, Chacaram is in state, not federal, custody while serving his state criminal sentence. Respondent claims the immigration detainer issued to the state facility holding him does not create federal custody over Chacaram but notifies his custodian that Chacaram may be subject to removal proceedings in the future. Second, insofar as Chacaram may be seeking declaratory relief in this case establishing his citizenship, Chacaram has failed to exhaust his administrative remedies.

**A. Custody**

Federal courts have jurisdiction to entertain an application for habeas relief for persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The habeas petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Unless the petitioner is in the custody of the authority against which relief is sought, the court lacks jurisdiction to grant habeas corpus relief. *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990).

Although it appears the Fourth Circuit has not yet considered the issue, several of its sister courts have held that a habeas petitioner is not "in custody" of immigration authorities where the petitioner is detained pursuant to a sentence for a criminal conviction, and an immigration detainer is filed with the facility of confinement. *See Garcia-Echaverria v. United States*, 376 F.3d 507, 510-11 (6th Cir. 2004); *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540-41 (5th Cir. 2003); *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994);

*Orozco*, 911 F.2d at 541; *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988); *see also Sewell v. Stephens*, 2011 WL 2746122, at *1 n.* (E.D.N.C. 2011) ("An ICE detainer, without more, does not satisfy § 2241's 'in custody' requirement.")[3]; *Richard v. INS*, 2011 WL 5876916, at *1 (D.S.C. 2011) ("[T]he lodging of a detainer does not render a petitioner 'in custody' for purposes of § 2241."). The rationale is that an immigration detainer neither imposes a "hold" nor a claim on the petitioner following completion of his prison sentence. *See Luma v. United States*, 2007 WL 495327, at *1 n.4 (W.D. Va. 2007). An immigration detainer usually serves only as a notice to prison authorities that ICE is going to be making a decision about deportability in the future. *See* 8 C.F.R. § 287.7(a) ("A detainer serves to advise another law enforcement agency that the Service seeks custody of an alien presently in the custody of that agency.").

In this case, the only action ICE has taken against Chacaram is filing a detainer with his state facility. Chacaram is not in federal custody, and this claim will be dismissed for lack of subject matter jurisdiction.

**B. Citizenship**

To the extent Chacaram posits the immigration detainer should be lifted because he is a United States citizen, his citizenship status is irrelevant to serving his sentence of imprisonment for a criminal conviction. *See Nguyen v. Kirby*, 2010 WL 3862368, at *4 (D.N.J. 2010) (holding that granting citizenship to a habeas petitioner would provide no relief, as he was not in custody pursuant to an immigration proceeding).

If Chacaram is asking this court for "a judgment declaring him to be a national of the United States" under 8 U.S.C. § 1503(a), his petition is premature and will be dismissed without prejudice. Before filing for declaratory relief, an applicant for citizenship must receive a "final

---

[3] Unpublished cases are cited only for the soundness of their reasoning, not for any precedential value.

administrative denial" with respect to his citizenship claim. *Id.*; *see also Place v. Dep't of Homeland Sec.*, 2010 WL 1416136, at *2 (D. Md. 2010) ("A federal district court does not have jurisdiction to declare citizenship absent exhaustion of an applicant's administrative remedies."). A "final administrative denial" comes after the applicant has exhausted all of his administrative remedies. *United States v. Breyer*, 41 F.3d 884, 892 (3d Cir. 1994).

To pursue a citizenship claim, the applicant must first file an application for a certificate of citizenship with United States Citizenship and Immigration Services or request a passport from the United States Department of State. *See* 8 U.S.C. §§ 1452, 1503; 8 C.F.R. § 341.1. If the application is denied, an appeal may be filed with the Department of Homeland Security Administrative Appeals Unit ("AAU"). *See* 8 C.F.R. § 103.3. Following a final denial by the AAU or by the State Department for a passport, the applicant may then ask the court for declaratory relief. *See* 8 U.S.C. §§ 1452, 1503(a); *Place*, 2010 WL 1416136 at *1-2. If removal proceedings are initiated, Chacaram may pursue his citizenship claims with the aforementioned agencies and, if necessary, appeal his citizenship status to the United States Court of Appeals. *See* 8 U.S.C. § 1252(b)(5). There is no evidence Chacaram has taken any of these steps. He has failed to exhaust his administrative remedies and cannot seek relief from this court at this time.

## CONCLUSION

For the foregoing reasons, the petition will be dismissed without prejudice. A certificate of appealability may issue only if there is a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c), and this standard has not been met. Accordingly, the court declines to issue a certificate of appealability. A separate order follows.

March 24, 2014      /s/
Date      Catherine C. Blake
     United States District Judge